United States Fidelity & Guaranty Co. *et al. v.* State, for Use of Merchants Bank & Trust Co.

(Division B. May 22, 1939. Suggestion of Error Overruled July 7, 1939.)

[188 So. 911. No. 33721.]

Robert Burns, Jr., F. W. Bradshaw, and Flowers, Brown & Hester, all of Jackson, for appellants.

4

8

**B. B. Allen,** of Indianola, and **Harold Cox,** of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

J. S. Love, Superintendent of Banks, of Mississippi, during the years 1928 to 1931, took over for liquidation the Okolona Banking Company, a banking corporation, and while in the process of liquidation had certain funds in his hands belonging to the said banking company, for its depositors and creditors. The Merchants Bank & Trust Company, of Indianola, Mississippi, then a going banking concern, became pressed for funds, and applied to J. S. Love, Superintendent of Banks, for some assistance in tiding the Merchants Bank & Trust Company over a period until crops could be marketed and debts due the bank be collected. After conferring with the directors and officers of the institution, J. S. Love agreed to deposit from the funds of the Okolona Banking Company in his hands, the sum of $5000 on time deposit, taking as security for said deposit a note signed by five officers and directors of the Merchants Bank & Trust Company, of Indianola. The note was signed at a different date from the date of the deposit, but contemporary with the agreement between Love and the Merchants Bank & Trust Company and its officers, who signed the note for the purpose of securing the deposit, said note bearing 8% interest, and the deposit bearing 4% interest. Such time deposit certificate was issued, and the note and time deposit certificate were delivered to Love, as Superintendent of Banks, in charge of the liquidation.

Thereafter, in the latter part of 1931, the Merchants Bank & Trust Company, of Indianola, was in such condition that the Superintendent of Banks took it over

for liquidation, and C. C. Moore was appointed liquidator by the Superintendent of Banks, his appointment being approved by the Chancery Court; and he took charge of the liquidation of the bank.

Thereafter A. C. Cox, one of the officers and directors of the Merchants Bank & Trust Company, died, leaving a solvent estate, he being one of the signers of the note to secure the time deposit. His estate was administered.

After the Merchants Bank & Trust Company, of Indianola, was in liquidation, under the active charge of C. C. Moore, it was conceived by the Banking Department that the deposit above mentioned was a preferred deposit, and it was so treated by the said Moore and J. S. Love, Superintendent of Banks. The Banking Department, in control of the liquidation through C. C. Moore, having collected funds, paid to the Okolona Banking Company in liquidation approximately half of the face value of the loan and interest, from the funds of the Merchants Bank & Trust Company in liquidation. The Okolona Banking Company undertook to probate the note signed by the officers and directors of the Merchants Bank & Trust Company against the estate of A. C. Cox, but there is some question as to the legality of the probation, which it is not now necessary to discuss.

A. C. Cox's son, who was administering his estate, took up the settlement of the probated note with the liquidator of the Okolona Banking Company, which had then been re-organized under the law permitting the directors of the bank in liquidation, creating a liquidating corporation, to administer and wind up the affairs of the bank.

By negotiations between Cox, the representative of the estate of A. C. Cox, and the liquidating corporation of the Okolona Banking Company, Cox bought the $5000 note for the sum of $100, and the said probated claim on the note against the estate of A. C. Cox was not paid, but appears to have been withdrawn.

After the passage of the banking law of 1934, Laws 1934, chapter 146, the stockholders of the Merchants Bank & Trust Company, of Indianola, organized a liquidating corporation to wind up its affairs. Thereafter the Chancery Court ordered C. C. Moore to file a final account of the operation of the Merchants Bank & Trust Company during the administration of the Banking Department, which Moore did. In this report the name of J. S. Love, as Superintendent of Banks, was used, and the Chancery Court approved the final account, with the exception of the sum of $2153.33, involved in the deposit in favor of the Okolona Banking Company. It is contended by J. S. Love that he was not notified of this order and report, and that during the years following 1930, while he was Superintendent of Banks, there were many such banks in liquidation under liquidators, and that he could not personally look after the various banks being so administered; and that he did not know of the order to file the account, and of the action of the attorneys representing C. C. Moore, using his name, and did not know of the decree disapproving the amount of $2153.33.

After the liquidating corporation was formed for the purpose of winding up the affairs of the Merchants Bank & Trust Company, of Indianola, they paid to the Okolona Banking Company, or to the liquidator in charge, a 5% dividend, or credit, amounting to 5% of the deposit above mentioned. The liquidators now in charge, deeming the deposit not to be a public deposit, but an ordinary deposit, paid to the liquidating Okolona Banking Company 5%,—$250—which it paid to other creditors of the bank in the preferred class.

Thereafter negotiations were had between the liquidators of the Merchants Bank & Trust Company in liquidation, and the liquidator of the Okolona Banking Company, by which the liquidator of the Okolona Banking Company agreed to accept $150 in final settlement of the deposit above mentioned, made in the Merchants Bank & Trust Company by J. S. Love, Superintendent of

Banks. Prior to this J. S. Love had gone out of office, and the banking act had been reshaped by the Legislature, the office of Banking Commissioner being created, having substantially the same powers and duties as the Banking Department had under the superintendency of J. S. Love.

After the transaction above mentioned, and about two and a half years after Love had gone out of office, the liquidator of the Merchants Bank & Trust Company applied to the Chancery Court of Hinds County, where J. S. Love lived, and where the headquarters of the Banking Department were maintained, asking permission to sue Love on his bond for the amounts over 5% paid to the Okolona Banking Company in liquidation, which order was granted, and the bill filed, making demand upon J. S. Love, and the United States Fidelity & Guaranty Company for the sum of $2,153.33, with 6% interest from May 29, 1937.

Answering the bill, Love set up a denial of the allegations thereof with reference to the filing of final account by him through his agent Moore, denied that Moore was the agent of J. S. Love, Superintendent of Banks, although he was appointed liquidating agent of the Merchants Bank & Trust Company, of Indianola, under the banking laws of the state of Mississippi, with the approval of the Chancery Court of Sunflower county; but that Moore was appointed, not as the agent of J. S. Love, Superintendent of Banks, but of the Banking Department of the state of Mississippi, and that as such liquidating agent, Moore acted on his own responsibility, and not as agent of the respondent, Love, former Superintendent of Banks. That both in the discharge of the duties of liquidating agent, and in making reports and accounts, he was so acting; that the final accounts filed by Moore in the said matter were not the accounts of J. S. Love, former Superintendent of Banks; and that Love was not present at the hearing of the exceptions to the final account, was given no notice of the hearing

thereon, and had no knowledge of such hearing until the same was completed, and order entered sustaining the objections and exceptions, and that he was not bound thereby, nor by the order entered on the 20th of March, 1937, made an exhibit to the bill of complaint. Respondents admit that they refused to pay the complainant $2153.33, as requested, and states that they are not liable for that or any other sum; that the primary responsibility for the liquidation of the affairs of the Merchants Bank & Trust Company, of Indianola, rested on C. C. Moore, liquidating agent, whose appointment was approved by the Chancery Court of Sunflower county; and that the said sum of $2153.33 was improperly paid to the Okolona Banking Company, such payment having been made by C. C. Moore, the liquidating agent, and that he alone is responsible therefor, if anyone incurred liability because of such payment; which the respondents deny.

Further answering, they aver that they were advised that the payment to the Okolona Banking Company of the sum of $2153.33, as to which the complainant objects, was really made to the respondent, Love, Superintendent of Banks, in charge of the liquidation of the Okolona Banking Company, which was closed for liquidation on October 7, 1930; and while its affairs were being handled by Love, Superintendent of Banks, he made the deposit in his official capacity as such Superintendent of Banks; that the Merchants Bank & Trust Company, of Indianola, was not a state depository; that the deposit so made of these funds constituted a public deposit under the provisions of section 2914, Code of 1930, and statutes prior thereto; that said deposit was a preferred claim or trust fund from the assets of the Merchants Bank & Trust Company, of Indianola, in liquidation; that the deposit was made by Love in his official capacity; that they were public funds, and constitute a prior claim on the assets of the bank. The answer elaborates this proposition.

A supplemental or amended answer was filed by J. S. Love, setting up, that the complainant should not recover anything, because it had ratified the payments theretofore made on the deposit of the Okolona Banking Company, and had recognized such deposits as being entitled to preferential payment from the assets of the Merchants Bank & Trust Company, and ratified the payments made on the deposit before the organization of the Merchants Bank & Trust Company Liquidating Corporation; and that in addition complainant had estopped itself to sue respondents for the balance of such deposits, because of the manner in which it had handled the matter with the Okolona Banking Company in liquidation, the details of which were set forth in the supplemental answer. That it appeared that the complainant had paid the $250 on the claim of the Okolona Banking Company with the understanding between the complainant and the Okolona Banking Company in liquidation that said amount was paid and received in addition to amounts already paid, in full settlement of the balance owing thereon; and complainant having paid this amount, in addition to the amount theretofore paid, is bound by such settlement, and cannot sue the respondents for the payments on said deposit, but are estopped to sue on the payment of $2153.33, because the amounts were not received by them, but by the Okolona Banking Company in liquidation, and if such payments were improperly made to the bank in liquidation, complainant should have proceeded to make claim for said payments of the Okolona Banking Company in liquidation, and if it had refused to pay said amounts, complainant should have proceeded against the bank in liquidation for the repayment and reimbursement of the amounts, which it had failed to do, but on the contrary, had released the bank in liquidation from further liability with reference thereto, by allowing it to retain said payments, and by paying it the additional sum of $250 in full settlement and satisfaction of said deposit.

It was then alleged that if the release of the Okolona Banking Company in liquidation from such payments is wrongfully made, then the complainant likewise released respondents from further liability with reference to said payments, that the complainant is estopped to make any claim whatever against them with respect to the $5000 deposit in question, because if respondents should be held for said payments, the complainant is not in position, because of its manner of handling the matter, to place respondents, particularly J. S. Love, in status quo ante with reference to the security held for the $5000 deposit; that deposit made by the Okolona Banking Company in liquidation in the Merchants Bank & Trust Company was secured by a note for $5000, signed by A. C. Cox, C. P. Adair, A. Weinberg, J. F. Barbour and I. L. Gaston, which was a good and solvent obligation of the bank and of the endorsers thereof, several of whom were worth a great deal more than the value of the note, above all exemptions allowed by law, and therefore collectible in full; but that when the complainant made settlement with the Okolona Banking Company in liquidation, and surrendered the note to the endorsers thereof, at the request and with the approval of the complainant, it placed the note beyond its reach and control. This note and the claim for the balance of the $5000 deposit were surrendered by the Okolona Banking Company in liquidation with the understanding that the settlement thus made finally ended the matter with reference to said deposit, with the right in the Okolona Banking Company to retain the payments formerly collected thereon. It is shown that A. C. Cox, one of the endorsers on the note, died before settlement was made by the Okolona Banking Company in liquidation, leaving an estate of considerable value, worth more than all the claims probated against it, inculding the $5000 note endorsed by him; and upon consummation of the settlement the $5000 note so probated against his estate was surrendered to the son of A. C.

Cox and the attorney for his estate, which estate has been wound up without payment of the claim based on the $5000 note, originally probated against the estate of the decedent, and the funds of the estate have been distributed. It is alleged that other endorsers of said note have died, and their estates have been distributed. And it is alleged that other endorsers of the note in question who are now living have made such conveyance of their property as to place same beyond the reach of creditors. For which reason the respondents claim that the complainant is estopped to claim the right to collect from them the amounts paid on said deposit of the Okolona Banking Company.

On motion the above answer was stricken, as not presenting a defense to the bill. Thereupon an amended answer was filed, in which the allegations above set out were reiterated, and in the amended bill it was set up that the decree relied on by the complainant, rendered in the Chancery Court of Sunflower county on May 20, 1937, and made an exhibit to the bill, made it necessary to file the suit in the Chancery Court of Sunflower County, where the interlocutory order was entered; and that if such decree is considered to be final, it cannot be made the basis of the suit against the respondents in that court, because if final all matters embraced therein have been finally adjudicated, and there is no necessity for a further decree; that on the contrary, rendition of a further decree by the court would be prejudicial to the rights of the respondents, for the reason that a further decree covering the same matters adjudicated by the Chancery Court of Sunflower county would result in the respondents having two final decrees rendered against them for the payment of the same money, in different courts; the effect of which would be to recover against him twice in different courts in the same matters, and to have enrolled against him two judgments in these courts, on the same matter.

It is further alleged that this suit should be dismissed if the order of May 20, 1937 is interlocutory; that this court can have no jurisdiction, the proper court for the filing of this suit being the Chancery Court of Sunflower county. They alleged, on the other hand, that if the order is considered final, there is no necessity for further proceedings against the respondents; that the Chancery Court of Hinds county is without jurisdiction to proceed in the cause, because of the facts above set out; and that a demurrer was incorporated in the answer to the bill.

A motion to strike this amended answer was filed and overruled, and the cause was transferred from the Chancery Court of Hinds county to the Chancery Court of Sunflower county. Thereupon a motion was made to consolidate the present suit with the suit in the court at Indianola, styled, ''In the Matter of the Liquidation of the Merchants Bank & Trust Company, Indianola, Mississippi,'' and numbered 5804 on the docket of said court. The motion to consolidate was sustained.

On the hearing the Chancellor held that the respondents were liable to the complainants in the sum of $2000, with interest at six per cent from the 14th day of April, 1932; and the further sum of $153.33, with 6% thereon from February 7, 1933; and that the application of the defendant to set aside the decree of May 12, 1937, ought to be overruled; and entered judgment against the defendants, J. S. Love, former Superintendent of Banks, and the United States Fidelity & Guaranty Company as his surety, in the amount of $3041.49, with 6% interest thereon ''from this date, and all costs;'' and granted them an appeal to this Court.

After a consideration of all the matters developed in the case, we are of the opinion that J. S. Love, Superintendent of Banks, in charge of the Okolona Banking Company's assets and funds, had no legal right to make the deposit or loan to the Merchants Bank & Trust Company, of Indianola, Mississippi. And, further, that such funds, so loaned, were not public funds within the pur-

view of the statute, giving preference to public funds, because the funds here involved were not funds of the government, but funds held by a state officer in administering the liquidation of a bank for the benefit of the depositors and creditors, and consequently, they are not preferred funds. Whether such funds, under the circumstances stated and developed in the case, would be held to be trust funds, we leave open for future decision, as we think the judgment of the court below in this case should be reversed and remanded, and that the Okolona Banking Company in liquidation, or whoever has charge of the liquidation of that bank, if it is in liquidation, be made parties to the bill, to the end that all equities between the several parties may be adjudicated properly in one hearing. Of course, J. S. Love and the surety on his bond, will be entitled to have the benefit of the $5000 note securing the time deposit, if they are held liable, after the full development of the facts, for the payment of the funds paid out by the liquidators or receivers of the funds in the Merchants Bank & Trust Company, in Indianola, in liquidation, mistaking such deposit to be a deposit of public funds, and therefore impressed with the trust.

The course which the matter took by those representing the Merchants Bank & Trust Company in liquidation, and by the Okolona Banking Company in liquidation, if allowed to stand, would work an inequity upon Love and his surety. It would appear that selling a solvent $5000 note for $100, without allowing the credit which had been placed on the note through error, would itself be inequitable, and a fraud on the rights of Love and his surety, in law, although not intended to be fraudulent by the parties dealing therewith. Evidently, at that time the Okolona Banking Company in liquidation, and the administrator of the Cox estate conceived that the payments already made on the note were legal and valid.

It would also be inequitable to permit a compromise made by the liquidators with the Okolona Banking Com-

pany, by which they bought the $5000 certificate of deposit for $100, to stand, and Love and his surety to be held for the balance.

The matters involved in this suit are complicated, and we do not know what situation may be developed on the hearing, but we remand the cause to the Chancery Court, with directions to have the other parties brought in, either as complainants or defendants, the matters to be adjudicated after hearing the facts as they may exist. We believe this course will enable the court to take care of all the rights of the parties, and to render complete justice in the whole matter, saving a multiplicity of suits.

Of course, if Love and his bondmen are held liable for the $5000 so deposited in the bank, they should be subrogated to the rights of the Merchants Bank & Trust Company, and all the rights it may have against the Okolona Banking Company in liquidation, or that Love might have against the Okolona Banking Company, for selling the note without collecting the amount of the money represented by the deposit.

The judgment will be reversed and the cause remanded, for proceedings in accordance with this opinion.

Reversed and remanded.